IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-18-0011-F |
| ) | |
| JUSTIN LANE FOUST, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Defendant Justin Lane Foust, appearing *pro se*, filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), commonly referred to as a motion for compassionate release. Doc. no. 169. In his motion, defendant advanced as one ground for relief—Amendment 821 (Part B, Subpart 1) to the United States Sentencing Guidelines, effective November 1, 2023. Doc. no. 169-1, p. 2, ¶ 2. Consequently, the Assistant Federal Public Defender, in accordance with this district's General Order 23-6, filed a supplement to defendant's motion, to the extent the motion is treated as one for reduction of sentence under 18 U.S.C. § 3582(c)(2). Doc. no. 178. Plaintiff United States of America responded to the motion and the supplement. Doc. no. 181. The matter is at issue.

I.

On February 5, 2019, a jury found defendant guilty of six counts of wire fraud (Counts 1, 2, 3, 5, 6, and 8); one count of aggravated identity theft (Count

9); and one count of money laundering (Count 11), all charged by the Indictment.[1] Doc. no. 85. The Probation Office prepared a revised final presentence investigation report. Doc. no. 127. All counts were grouped together under U.S.S.G.[2] § 3D1.2(d) except for Count 9 (aggravated identity theft). The Probation Office calculated defendant's base offense level at 7. Defendant received (1) an eighteen-level enhancement under U.S.S.G. § 2B1.1(b)(1)(J) because the loss involved in the case was more than $3,500,000 but less than $9,500,000; (2) a two-level enhancement under U.S.S.G. § 2B1.1(b)(10)(C) because the offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting the sophisticated means; (3) a one-level enhancement under U.S.S.G. § 2S1.1(b)(2)(A) because defendant was convicted under 18 U.S.C. § 1957 (money laundering); and (4) a two-level enhancement under U.S.S.G. § 3C1.1 because defendant willfully obstructed or impeded or attempted to obstruct or impede the administration of justice, resulting in defendant's adjusted offense level of 30. Because defendant did not clearly demonstrate acceptance of responsibility for the offense, he did not receive any adjustment under U.S.S.G. § 3E1.1. Consequently, defendant's total offense level remained at 30.

Based on his lack of criminal history, defendant was assessed a criminal history score of zero, establishing a criminal history category of I. With a total offense level of 30 and a criminal history category of I, defendant's guideline imprisonment range was 97 months to 121 months.

---

[1] The jury left unadjudicated two counts of wire fraud (Counts 4 and 7), and one count of aggravated identity theft (Count 10). Subsequently, the government moved to dismiss those counts without prejudice, which was granted by the court. Doc. no. 97.

[2] United States Sentencing Guidelines.

As to Count 9, the Probation Office indicated the guideline sentence was the term of imprisonment required by statute (two years). The guideline sentence was not included in the above-stated guideline imprisonment range, and the Probation Office indicated the sentence was required to be imposed consecutively to the sentences on the other counts.

At sentencing, the court adopted the final presentence investigation report without change. The court sentenced defendant to a term of imprisonment of 121 months, consisting of 97 months as to each of Counts 1-3, 5-6, 8, and 11, to run concurrently with each other, and 24 months as to Count 9, to run consecutively to all other counts. Judgment was entered on October 30, 2019. Doc. no. 131.

Under the judgment, defendant was required to surrender for service of his sentence at the institution designated by the Bureau of Prisons on December 11, 2019. However, on November 5, 2019, a Petition for Action on Conditions of Pretrial Release (Petition) was filed, alleging that defendant was in possession of ammunition. At a hearing held on November 6, 2019, the court found defendant had violated his conditions of release and also found, by clear and convincing evidence, that defendant presented a substantial risk of flight and posed a danger to the community. The court granted the Petition, revoked defendant's conditions of release, and remanded defendant to the custody of the United States Marshal to immediately begin serving his term of incarceration.

Defendant appealed his conviction to the Tenth Circuit Court of Appeals, arguing that the court abused its discretion by allowing a handwriting expert to testify at trial. On March 2, 2021, the Tenth Circuit affirmed defendant's conviction. Doc. nos. 163 and 164. Defendant filed a petition for writ of certiorari, which was denied by the Supreme Court on October 4, 2021.

II.

In his motion, defendant asserts that his conviction for aggravated identity theft (Count 9) should "be dismissed and the mandatory 24 month sentence running consecutive be dropped from [his] sentence," in light of the Supreme Court ruling in Dubin v. United States, 599 U.S. 110 (2023). Doc. no. 169-1, p. 2, ¶ 1. He also asks the court to "consider the 2 point reduction of the guideline range" under Amendment 821 (Part B, Subpart 1) to the United States Sentencing Guidelines because he received zero criminal history points. Id., p. 2, ¶ 2. Further, he asserts that he has not received his First Step Act time credits "up front" and with those time credits, his projected release date is "March 2, 2024," rather than "June 8, 2028." Id., pp. 2-3, ¶ 3.

III.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Congress has provided a few exceptions to this rule. One exception is where the district court finds that (1) "extraordinary and compelling reasons warrant" a reduction in the term of imprisonment, and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). In such a case, the court "may" reduce the term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a). Id.

While defendant indicates his motion is one for reduction of sentence under § 3582(c)(1)(A)(i) (compassionate release), he asserts, as previously stated, that his aggravating identity theft conviction should be "dismissed and the mandatory 24 month sentence running consecutive be dropped from [his] sentence" in light of Dubin. "When a federal prisoner asserts a claim that, if true, would mean 'that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that

4

the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack' [28 U.S.C.] § 2255(a), the prisoner is bringing a claim governed by § 2255." United States v. Wesley, 60 F.4th 1277, 1288 (10th Cir. 2023). It appears to the court that defendant is raising a § 2255-like claim. Defendant cannot collaterally attack his conviction and sentence based on Dubin by way of a compassionate-release motion. It must be raised in a § 2255 motion.[3] This aspect of defendant's motion for reduction of sentence under § 3582(c)(1)(A) will be dismissed without prejudice for lack of jurisdiction.

IV.

Another exception to the rule of not modifying an imprisonment term once it has been imposed is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such a case, the court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission. Id. The court construes defendant's motion for

---

[3] Exercising its discretion, the court declines to construe defendant's motion for reduction of sentence under § 3582(c)(1)(A) (compassionate release) as a motion under § 2255. By construing defendant's motion as his first § 2255 motion, it may make it significantly more difficult for defendant to file another motion. United States v. Edge, 315 Fed. Appx. 92, 95 (10th Cir. 2009) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). The court notes that plaintiff has challenged the timeliness of defendant's § 2255 motion (one-year period of limitations exists under 28 U.S.C. § 2255(f)), but it has not addressed whether defendant can avoid the limitations bar by invoking 28 U.S.C. § 2255(f)(3) based on Dubin. The Dubin decision was issued less than a year ago on June 8, 2023. Plaintiff has also challenged the Dubin claim, arguing that it is procedurally defaulted as it was not raised in defendant's direct appeal. However, cause and prejudice demonstrated by a defendant may overcome procedural defect. United States v. Snyder, 871 F.3d 1122, 1126-1128 (10th Cir. 2017). The court declines to address the procedural arguments raised by plaintiff. It will direct the court clerk to send the court's criminal form for a § 2255 motion to defendant. Defendant may complete and send back the form to the court if he wishes to challenge his aggravated identity theft conviction and sentence in light of Dubin.

reduction of sentence under § 3582(c)(1)(A) as a motion under 18 U.S.C. § 3582(c)(2) to the extent it seeks a reduction of sentence based upon Amendment 821 (Part B, Subpart 1).

The court follows a two-step process in considering defendant's § 3582(c)(2) motion. *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013). The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction. If the reduction is authorized, the court may consider any applicable 18 U.S.C.§ 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*. (quotation marks and citation omitted).

Upon review of the parties' submissions and the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 170), the court finds that defendant is eligible for a sentence reduction under Amendment 821 (Part B, Subpart 1). The amendment reduces defendant's total offense level to 28. With a total offense level of 28 and a criminal history category of I, defendant's amended guideline imprisonment range is 78 months to 97 months. This amended guideline range is less than defendant's original guideline range of 97 months to 121 months.

Although defendant is eligible for a sentence reduction, the court concludes that the § 3553(a) factors weigh against it. Relevant § 3553(a) factors include, but are not limited to, the nature and circumstance of defendant's offense and the history and characteristics of defendant, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.

Defendant is incarcerated because he committed serious offenses—wire fraud, aggravated identity theft, and money laundering. As indicated by the revised final presentence report, defendant perpetrated a scheme to defraud Chesapeake Operating Inc., a subsidiary of Chesapeake Energy Corporation. While employed by Chesapeake as a production foreman, defendant formed an Oklahoma limited liability company named Platinum Express, LLC. Thereafter, defendant resigned his employment with Chesapeake and began operating Platinum Express. Due to his prior knowledge and experience, defendant was able to have Platinum Express placed on Chesapeake's approved vendors list. Defendant then submitted and caused to be submitted over 1,100 fraudulent invoices to Chesapeake Operating, Inc., causing it to pay compensation to Platinum Express for work it did not perform. Defendant falsified Chesapeake employee signatures on the fraudulent invoices so that Platinum Express would receive the compensation. And defendant used his inside knowledge of Chesapeake's payment processes to keep the fraudulent invoices under the amount that would have triggered additional scrutiny from Chesapeake.

Defendant also authorized his accountant to access the Platinum Express business account at Interbank to make an electronic funds transfer in the amount of $43,857.09 to fund Platinum Express's payroll, after these funds had been derived from wire fraud.

During the investigation into the fraudulent invoices, defendant denied any involvement, accused upper-level employees of Platinum Express of committing the wrongdoing, staged a break-in at his office that potentially resulted in the loss of records, and filed a civil suit against the upper-level employees alleging fraud and conversion. Defendant's false accusations against the upper-level employees also resulted in those employees being named as defendants in a civil suit brought by Chesapeake.

The investigation determined that the fraudulent invoices submitted to Chesapeake Operating Inc. totaled $4,639,490.80. However, some of the submitted invoices (totaling $280,872.00) were caught by Chesapeake before payment was issued. Chesapeake also indicated that there was some legitimate work performed by Platinum Express in the amount of $1,712,411.58 for which Chesapeake had not yet issued payment. The court therefore ordered restitution in the amount of $2,646,207.22.

Defendant was 37 and 38 years old when he committed the offenses. For his offenses, he was sentenced to 121 months of imprisonment. Although the court allowed defendant to self-surrender to the institution designated by the Bureau of Prisons, defendant violated his conditions of release by possessing ammunition, resulting in the court revoking the conditions of release and remanding defendant to the United States Marshal to immediately begin his sentence.

While incarcerated, defendant has completed 371 hours of educational programming. He was sanctioned for possession of unauthorized money (November 27, 2021), which was suspended pending 90 days of clear conduct. Doc. no. 170, p. 2; doc. no. 178-1. It appears that defendant had no other issues within that 90-day period.

Defendant is currently 48 years old. According to the Federal Bureau of Prisons inmate locator, defendant's projected release date is June 9, 2027.

After consideration of the above-stated relevant factors of § 3553(a), the court determines, in its discretion, that a sentence reduction under § 3582(c)(2) under Amendment 821 (Part B, Subpart 1) is not warranted. As can be seen from the facts described above, defendant's dishonesty was no ordinary dishonesty. His dishonesty is distinguished both by its egregiousness and by its persistence (to say nothing of its profitability). Especially noteworthy is the fact that

defendant doubled down on his dishonesty after he had good reason to apprehend that his frauds had been or soon would be discovered.

Defendant's motion for a sentence reduction under § 3582(c)(1)(A), construed as a motion under 18 U.S.C. §3582(c)(2) to the extent it seeks a reduction of sentence based upon Amendment 821 (Part B, Subpart 1), will be denied.

V.

Lastly, defendant appears to challenge the computation of his time credits under the First Step Act. However, a challenge to the computation of time credits cannot be made by way of a compassionate-release motion. It must be made through a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See*, United States v. Wakole, Case No. 14-40146-EFM, 2023 WL 8354875, at *2 (D. Kan. Dec. 1, 2023); *see also*, United States v. Yates, Case No. 15-40063-01-DDC, 2019 WL 1779773, at *2 (D. Kan. Apr. 23, 2019). And a § 2241 petition must be filed in the judicial district where the defendant is incarcerated, and it must be filed against the person who has custody over him. *Id*. Defendant is currently incarcerated at Federal Correctional Institution Pollock, which is in the Western District of Louisiana. Therefore, the court does not have jurisdiction to consider defendant's challenge to the computation of his time credits, and this aspect of defendant's motion for sentence reduction under § 3582(c)(1)(A) will be dismissed without prejudice for lack of jurisdiction.

VI.

In his motion, defendant requests the appointment of counsel. Upon review, the court concludes the request should be stricken as moot in part and denied in part.

Defendant's request should be stricken as moot to the extent he requests appointment of counsel to assist him with seeking a reduction of sentence under

§ 3582(c)(2) based on Amendment 821 (Part B, Subpart 1).  Pursuant to this district's General Order 23-6, the Assistant Federal Public Defender was appointed to represent defendant, who had previously been determined entitled to court-appointed counsel, to evaluate whether defendant may qualify to seek reduction of sentence and relief pursuant to Amendment 821.  And pursuant to that appointment, the Assistant Federal Public Defender filed a supplement to defendant's *pro se* motion, to the extent it seeks a reduction of sentence under § 3582(c)(2) based on Amendment 821 (Part B, Subpart 1).

Defendant's request should be denied to the extent he requests appointment of counsel to assist him with the collateral attack of his conviction and sentence based on Dubin and with the challenge of the computation of his time credits under the First Step Act.  It is well-settled that "[t]here is no constitutional right to counsel beyond the direct appeal of a criminal conviction[.]"  Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir. 2008), *cert. denied*, 555 U.S. 860 (2008).  While the court has discretion to appoint counsel, *see*, Engberg v. Wyoming, 265 F.3d 1109, 1122 (10th Cir. 2001), the court declines to do so.  As discussed, defendant cannot collaterally attack his conviction and sentence or challenge the computation of his time credits by way of a compassionate-release motion.  Thus, no appointment of counsel is warranted with respect to his § 3582(c)(1)(A) motion.

VII.

Based on the foregoing, defendant's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction to the extent it seeks dismissal of the aggravated identity theft conviction and vacation of the 24-month sentence.  Defendant's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), construed as a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) to the extent it seeks a

reduction of sentence based on Amendment 821 (Part B, Subpart 1), is **DENIED**. Defendant's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction to the extent it challenges the computation of time credits under the First Step Act. Defendant's request for appointment of counsel is **STRICKEN as MOOT in part** and **DENIED in part**.

The court clerk is **DIRECTED** to send to defendant, along with a copy of this order, the court's criminal form, Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody, and instructions for using the form.

DATED this 8th day of April, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0011p046.docx